THE STATE *ex rel.* SIMMS v. TODD, *Plaintiff in Error.*

1. **Courts:** ADJOURNED TERMS. In order to make an adjournment of court a final adjournment of the term, it is not essential that the order shall declare that the adjournment is to court in course. If it be to the day fixed by law for the beginning of the next regular term, it will put an end to the current term, whatever may be the language used. An adjourned term cannot be held on a day fixed by law for the beginning of a regular term.

2. **Judicial Notice.** The court takes judicial notice that April 2nd, 1877, was the first Monday in April.

*Error to Morgan Circuit Court.*—HON. G. W. MILLER, Judge.

REVERSED.

*Smith & Krauthoff* and *B. R. Richardson* for plaintiff in error.

*J. P. Ross* for defendant in error.

HOUGH, J.—This was a proceeding by mandamus to compel the judge of the probate court of Morgan county to grant an appeal from a judgment of said court, allowing a claim of one Gunn against the estate of one William-son, deceased, of which the relator, Simms, was adminis-

trator. The defense made was, that the appeal was not applied for in time. A peremptory writ was awarded, and the respondent has appealed.

It appears from the records of the probate court offered in evidence, that the claim in question was allowed on the 20th day of January, 1877, and that on said day court adjourned until the 5th day of February following, and on that day adjourned until the 10th of said month. On the day last named the following entry appears: "Saturday, February 10th, 1877. Court opened pursuant to adjournment. Present, J. C. Todd, judge, and W. H. Goddard, sheriff. Ordered that court adjourn until Monday, the 2nd day of April next." The court met on the 2nd day of April, 1877, and the first entry of record of that day begins as follows: "Morgan Probate Court, April term, 1877." On the succeeding 10th day of April the following entry appears: "Morgan Probate Court, April term, 1877. Court opened pursuant to adjournment. Present, J. C. Todd, judge, and W. H, Goddard, sheriff," when the following proceedings were had:

TUESDAY MORNING, April 10th, 1877.

N. J. GUNN,
    vs.
JOHN SIMMS,
Administrator L. E. Williamson.
} Affidavit for appeal filed.

Now, at this day, comes defendant, by his attorney, and files affidavit for an appeal from the judgment of this court rendered in the above entitled cause, at the January term of this court, and the court, after due deliberation, doth refuse to grant said appeal.

The relator offered in evidence the entries from the records of said probate court of the three several final adjournments of the three regular terms next preceding the January term, 1877, each of which entries was as follows: "Ordered that court adjourn until court in course."

The probate court of Morgan county holds four regular terms a year, to-wit: on the first Mondays in January,

April, July and October. Acts 1847, p. 32, § 9. Under the act establishing the probate court of Morgan county, appeals could be taken within thirty days after the rendition of the judgment, order or decree appealed from. By the general law regulating appeals from probate courts, appeals were required to be taken during the term at which the decision complained of is made, or within ten days thereafter. Wag. Stat., 119, § 2. It is quite evident that if the adjournment made on the 10th day of February, to the 2nd day of April, was equivalent to an adjournment to " court in course," the appeal was not taken in time under either of the statutes regulating appeals, above referred to. This court will take judicial notice of the fact that the 2nd day in April 1877, was the first Monday in April, 1877. *Brown v. Piper*, 91 U. S. 42. An adjournment to " court in course," means an adjournment to the day fixed by law for the beginning of the next regular term of such court, and if an adjournment be had to such day, whether it be designated in the order of adjournment by the day of the month on which such day will come, or by the terms employed in the statute fixing the day for the beginning of the succeeding term, the term at which such order of adjournment is made will be as fully ended and determined as if the adjournment had been to " court in course." The probate court could not have held an adjourned term on the first Monday in April, 1877, and it could not, therefore, ever have met pursuant to adjournment, except upon the theory that the January term ended at its adjournment on the 10th day of February. The appeal was not prayed for in time, and the judgment of the circuit court must, therefore, be reversed. All the judges concur.