## Wytheville.

### Virginia Beach Development Co. v. Murray.

June 13, 1912.

Absent, Cardwell, J.

1. Courts—*Dates of Holding Terms—Omission of Term—Nunc Pro Tunc Order.*—Where an order of court made in 1904 provided for omitting the September term of a certain circuit court, and thereafter an act of Assembly fixed the months for holding said court, and made September one of them, with liberty to the judge to omit one of the terms, the act of Assembly operated as a repeal of the order of 1904, and the judge could not, *after* September, enter a *nunc pro tunc* order omitting the September term for that year.

2. Courts—*Adjournments—Code, Section 3059.*—While a judge of a circuit court may, under the provisions of section 3059 of the Code, continue the term of a court by adjournment until after the beginning of the term of the court for any other county of his circuit, he is expressly prohibited from continuing the term for a county or city beyond the day fixed by law for the beginning of the next regular court for that county or city.

3. Courts—*Adjournments—End of Term—Bills of Exception.*—Where the judge leaves the bench without any order for final adjournment, and without again holding court for that term, or intending to do so, until a day after the beginning of the next term, then the day on which he so leaves the bench must be treated as the end of that term, at least for the purpose of signing bills of exception.

Error to a judgment of the Circuit Court of Princess Anne county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Theodore A. Williams* and *George A. Frick,* for the plaintiff in error.

*J. Edward Cole* and *L. D. Yarrell,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

All the errors assigned are based upon bills of exceptions, which it is insisted by the defendant in error are no part of the record, since they were not signed by the judge during the term at which final judgment was rendered, or within thirty days after the end of that term. Code, sec. 3285, as amended Acts of Assembly 1908,. ch. 225, pp. 336–7.

The case was tried, and a verdict rendered at the December term, 1909, of the Circuit Court of Princess Anne county. During the same term a motion was made to set aside the verdict, but that motion was not disposed of until the July term of the court (September 8), 1910, when it was overruled, and a final judgment entered pursuant to the verdict. On the same day an order was entered adjourning the court until Wednesday, the 20th of that month, the last-named date being after the third Monday in the month—the day fixed by statute for holding the September term of the court for that county. Acts 1910, pp. 152, 160. On the 17th of October following the bills of exceptions were signed, and ordered to be made a part of the record.

By an order entered in the law order book of the court in March, 1904, in accordance with section 3059, Va. Code 1904, the September term of that court had been omitted, and, no doubt, the order entered on September 8, 1910, adjourning the court until the 20th of the month, was made under the belief that said order omitting the September term was still in force. But, by an act of Assembly approved March 9, 1910, (Acts 1910, ch. 107, pp. 152, 154) section 3059, Va. Code (1904), had been amended, and it was declared that, "until otherwise provided by law, the time for holding the said terms in said counties and cities shall be as follows"; and section 3059a fixes the third Monday in January, March, May, July, September, and November as the time for holding the terms of court in that county. The section, as amended, also confers power on the circuit courts, under certain circumstances, to omit one of the terms designated by the statute.

In October, 1910, the circuit court did enter an order omitting the September term, but, as it was not made until after the order

of September 8, 1910, and the order of March, 1904, being rendered of no effect by the amendment made to section 3059 of the Code by the act of March 9, 1910, the question under consideration must be determined without reference to either of those orders omitting the September term of the court.

While section 3059, as amended, provides that the judge of the circuit court may continue the term of a court by adjournment until after the beginning of the term of the court for any other county of his circuit, it expressly declares that "no term of the court shall be so continued beyond the day fixed by law for the beginning of the next regular term of the court for the county or city of the circuit whose term is so extended." The order of September 8, adjourning the court until after the beginning of the next term of the same court, was not only unauthorized, but in plain violation of the statute.

The record shows that the court was not in session until the 20th of that month, the day to which it had been attempted to adjourn the court. On that day the following entry was made in the order book: "At a circuit court continued and held for Princess Anne county on Wednesday, the 20th day of September, 1910. Present, Hon. B. D. White, Judge. Ordered that court be adjourned to court in course."

The attempted adjournment of the court on September 8th to a day in the next term being a nullity, we have a case where the judge leaves the bench without any order for final adjournment, without again holding court for that term, or intending to do so, until a day after the beginning of the next term, when, even if the statute had not forbidden it, he could not have held it, since two terms of one and the same court cannot be in session at one and the same time and place.

Under these circumstances, the 8th day of September ought to be treated as the end of the July term of the court, for it was the last day on which the court was in session during that term, or the judge intended that it should be in session during the period in which, under the law, it could sit; for, after that day, no legal business could have been transacted for want of a judge.

In *Wright* v. *Walbaum*, 39 Ill. 554, where a court was regularly in session on the 23d of the month, and on that day was

regularly adjourned until the next day, and, after that time, regular convening and adjourning orders were entered from day to day for a week, no judge being present after the 23d of the month, it was held that that day was the end of the term.

In *State* v. *Todd*, 72 Mo. 288, it was held that an adjournment to the day fixed for the beginning of the next regular term puts an end to the current term.

In *Johnson* v. *Pittsburg, &c. R. Co.*, 47 Ohio St. 318, 24 N. E. 493, where the journal of the court of common pleas showed a regular adjournment from day to day up to a day certain of the term, but no other adjournment afterwards during the term, except an entry of an adjournment *sine die* on the last-named day, which entry was, at the next term, by a *nunc pro tunc* order, stricken from the journal, as having been made through the mistake of the clerk, and it was further shown that no judge was present, and no business was transacted in the court after such certain day to which the court had adjourned until the commencement of the next succeeding term, it was held that the term should be deemed to have closed on such day certain, and that a bill of exceptions might be signed and filed within thirty days from that time.

The July term of the court having ended on the 8th day of September, and the bills of exceptions not having been signed until October 17th, more than thirty days after the end of the term, they are no part of the record.

There being no errors assigned, except those based upon the rejected bills of exceptions, it follows that the judgment of the circuit court must be affirmed.

*Affirmed.*